UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCHEIDEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>AVOLVE SOFTWARE CORPORATION,<br><br>  Defendant. | No. 2:14-cv-01217-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff seeks relief for alleged violations of California Labor Code §§ 201, 203 and 2698. He further alleges wrongful termination. Plaintiff, a citizen of California, names as Defendant Avolve Software Corporation, a Delaware corporation ("Defendant"). Plaintiff originally filed in state court, and Defendant removed pursuant to 28 U.S.C. §1441 based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves to remand.

For the reasons set forth below, Plaintiff's motion is denied.[1]

///

///

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Cal. Local R. 230(g).

1

# BACKGROUND

Plaintiff sold computer software for Defendant from March of 2013 until his employment was terminated on December 4, 2013.  Plaintiff alleges that he was routinely referred to as the top producer of sales and received exemplary praise from Defendant's President and CEO.  Plaintiff further alleges that his employment contract guaranteed a base salary as well as commissions on sales and maintenance of accounts, but that after his termination, Defendant withheld Plaintiff's final wages, commissions, and vacation pay.  As indicated above, Plaintiff states claims under California Labor Code §§ 201, 203 and 2698, as well as a cause of action for wrongful termination.

In response to Plaintiff's Complaint, on January 27, 2014, Defendant sent a letter offering to settle the case for $8,846.  Pl.'s Reply, Ex. A, ECF No. 10.  On February 17, 2014, Plaintiff replied to the letter with a demand of $128,008.98.  Def.'s Opp'n, Ex. A, ECF No. 9.  On March 7, 2014, Defendant responded with an offer of $28,000.  Reply, Ex. B.  On May 19, 2014, Defendant removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  Pl.'s Mot. to Remand, ECF No. 6. Plaintiff now moves to remand back to state court, arguing that the amount in controversy is insufficient to invoke this Court's diversity jurisdiction.

# STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of

$75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**ANALYSIS**

Plaintiff does not dispute that the parties are citizens of different states, only that Defendant fails to prove that the amount in controversy exceeds $75,000.00. According to Plaintiff, a demand letter seeking more than that amount is insufficient, standing alone, to confer diversity jurisdiction. In essence, Plaintiff argues that despite his demand of some $128,000.00 to settle the case, the fact that Defendant offered far less means that Defendant cannot rely on Plaintiff's settlement demand to establish amount in controversy.

///

3

After a case is removed from state court based on diversity jurisdiction, Defendant has the burden of proving by a preponderance of the evidence that the amount in controversy is over $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The Ninth Circuit has stated that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).

In Cohn, the Ninth Circuit explained that the demand contained in a settlement letter, while relevant with respect to the amount in controversy, is not necessarily determinative since a plaintiff can still "argue[] that the demand letter was inflated and not an honest assessment of damages." Id. Plaintiff's demand letter in that case simply indicated that the trademark at issue was "worth more than $100,000 to him." Id. Although he demanded that sum to settle the case, on appeal Cohn nonetheless argued that this was insufficient to satisfy the requisite amount in controversy. The court rejected that argument, noting that Cohn never made any "attempt to disavow his letter or offer contrary evidence." Id

Despite Plaintiff's apparent argument to the contrary, Cohn shows that a demand contained in a plaintiff's settlement demand is evidence of the amount in controversy. While that case recognizes that this may not always be the case if, for example, the demand in question is inflated or not an "honest" assessment at damages, that distinction does not help Plaintiff here. The demand letter submitted by Plaintiff in this matter breaks down the total amount demanded between various alleged violations, including unpaid commissions, waiting time penalties for wages and vacation, wrongful termination and attorney's fees. Opp'n, Ex. A. This itemized breakdown qualifies as a "reasonable estimate of Plaintiff's claim." Cohn, 281 F.3d at 840. Furthermore, Plaintiff in this case, like the plaintiff in Cohn, never disputed that the settlement demand he made represented anything less than a realistic evaluation of his claim. .

According to Plaintiff, Defendant cannot meet its burden of proof because Defendant's own settlement letters offered amounts significantly less than $75,000.00.

4

Reply, Ex. A, B.  Amount in controversy, however, is defined as "the damages claimed or relief demanded <u>by the injured party</u> in a lawsuit."  <u>Black's Law Dictionary</u> (9th ed. 2009) (emphasis added).  The fact that Defendant may view the value of the injured party's claim differently is not germane to this definition.  Here Plaintiff, as the injured party, demanded a total of $128,008.98 by letter, backed up that demand with a detailed itemized accounting of claimed damages, and at no point contended that this figure was anything less than accurate or realistic.   Under the circumstances the Court finds Plaintiff's settlement demand sufficient to satisfy the amount in controversy needed to confer diversity jurisdiction.

**CONCLUSION**

For the reasons set forth above, Plaintiff Randall Scheideman's Motion to Remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated:  October 16, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT