1  DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP
   JENNIFER RANDLETT MADDEN (Bar No. 184905)
2  CAROLINE M. COLANGELO (Bar No. 278071)
   500 Capitol Mall, Suite 1550
3  Sacramento, CA  95814
   Telephone:    (916) 661-5700
4  Facsimile:    (916) 661-5701
   jmadden@delfinomadden.com
5  ccolangelo@delfinomadden.com

6  Attorneys for Defendant
   AVOLVE SOFTWARE CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  RANDALL SCHEIDEMAN,                    CASE NO.  2:14-cv-01217-MCE-CKD

11          Plaintiff,                     **STIPULATED PROTECTIVE ORDER
                                           FOR LITIGATION INVOLVING HIGHLY
12       v.                                SENSITIVE CONFIDENTIAL
                                           INFORMATION AND/OR TRADE
13  AVOLVE SOFTWARE CORPORATION,           SECRETS**
    a Delaware corporation and DOES 1-10
14  inclusive,

15          Defendants.

16

17  1.    PURPOSES AND LIMITATIONS

18          Disclosure and discovery activity in this action are likely to involve production of

19  confidential, proprietary, or private information for which special protection from public

20  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

21  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

22  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

23  all disclosures or responses to discovery and that the protection it affords from public disclosure

24  and use extends only to the limited information or items that are entitled to confidential treatment

25  under the applicable legal principles. The parties further acknowledge, as set forth in Section

26  14.3, below, that this Stipulated Protective Order does not entitle them to file confidential

27  information under seal; Local Rule 141 sets forth the procedures that must be followed and the

28  standards that will be applied when a party seeks permission from the court to file material under

1    seal.

2    2.      <u>DEFINITIONS</u>

3       2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

4    information or items under this Order.

5       2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

6    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

7    of Civil Procedure 26(c).

8       2.3      <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support

9    staff).

10       2.5      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

11    produces in disclosures or in responses to discovery as "CONFIDENTIAL."

12       2.6      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

13    medium or manner in which it is generated, stored, or maintained (including, among other things,

14    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

15    responses to discovery in this matter.

16       2.7      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

17    the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

18    as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

19    competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

20    or of a Party's competitor.

21       2.8      <u>House Counsel</u>: attorneys who are employees of a party to this action. House

22    Counsel does not include Outside Counsel of Record or any other outside counsel.

23       2.9      <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

24    entity not named as a Party to this action.

25       2.10      <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

26    action but are retained to represent or advise a party to this action and have appeared in this action

27    on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

28       2.11      <u>Party</u>: any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

1    the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2    including the time limits for filing any motions or applications for extension of time pursuant to

3    applicable law.

4    5.    DESIGNATING PROTECTED MATERIAL

5        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

6    or Non-Party that designates information or items for protection under this Order must take care

7    to limit any such designation to specific material that qualifies under the appropriate standards.

8    To the extent it is practical to do so, the Designating Party must designate for protection only

9    those parts of material, documents, items, or oral or written communications that qualify – so that

10   other portions of the material, documents, items, or communications for which protection is not

11   warranted are not swept unjustifiably within the ambit of this Order.

12       If it comes to a Designating Party's attention that information or items that it designated

13   for protection do not qualify for protection at all or do not qualify for the level of protection

14   initially asserted, that Designating Party must promptly notify all other parties that it is

15   withdrawing the mistaken designation.

16       5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

17   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

18   Disclosure or Discovery

19       Material that qualifies for protection under this Order must be clearly so designated before

20   the material is disclosed or produced.

21       Designation in conformity with this Order requires:

22       (a) for information in documentary form (e.g., paper or electronic documents, but

23   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

24   Party affix the legend "CONFIDENTIAL" to each page that contains protected material, if

25   possible. If only a portion or portions of the material on a page qualifies for protection, the

26   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

27   markings in the margins) and must specify, for each portion, the level of protection being

28   asserted.

1    A Party or Non-Party that makes original documents or materials available for inspection

2    need not designate them for protection until after the inspecting Party has indicated which

3    material it would like copied and produced. After the inspecting Party has identified the

4    documents it wants copied and produced, the Producing Party must determine which documents,

5    or portions thereof, qualify for protection under this Order. Then, before producing the specified

6    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each

7    page that contains Protected Material. If only a portion or portions of the material on a page

8    qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

9    (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

10   level of protection being asserted.

11   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

12   Designating Party identify on the record, before the close of the deposition, hearing, or other

13   proceeding, all protected testimony and specify the level of protection being asserted. When it is

14   impractical to identify separately each portion of testimony that is entitled to protection and it

15   appears that substantial portions of the testimony may qualify for protection, the Designating

16   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

17   a right to have up to 21 days to identify the specific portions of the testimony as to which

18   protection is sought and to specify the level of protection being asserted. Only those portions of

19   the testimony that are appropriately designated for protection within the 21 days shall be covered

20   by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

21   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

22   entire transcript shall be treated as "CONFIDENTIAL."

23   Parties shall give the other parties notice if they reasonably expect a deposition of a non-

24   party, hearing or other proceeding to include Protected Material, so that the other parties can

25   ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to

26   Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at

27   such a deposition shall not in any way affect its designation as "CONFIDENTIAL." The parties

28   agree that when the deposition, hearing or proceeding involves only the parties and their

STIPULATED PROTECTIVE ORDER

respective counsel, advance notice of the intent to use or include Protected Material shall not be required.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

1  notice must recite that the challenge to confidentiality is being made in accordance with this

2  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

3  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

4  forms of communication are not sufficient) within 14 days of the date of service of notice. In

5  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

6  designation was not proper and must give the Designating Party an opportunity to review the

7  designated material, to reconsider the circumstances, and, if no change in designation is offered,

8  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

9  stage of the challenge process only if it has engaged in this meet and confer process first or

10  establishes that the Designating Party is unwilling to participate in the meet and confer process in

11  a timely manner.

12      6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court

13  intervention, the Designating Party shall file and serve a Notice of Request to Seal Documents in

14  compliance with Local Rule 141 within 21 days of the initial notice of challenge or within 14

15  days of the parties agreeing that the meet and confer process will not resolve their dispute,

16  whichever is earlier.[1]  Failure by the Designating Party to make such a Request shall

17  automatically waive the confidentiality designation for each challenged designation. In addition,

18  the Challenging Party may file an opposition to the Request to Seal Documents challenging a

19  confidentiality designation at any time if there is good cause for doing so, including a challenge to

20  the designation of a deposition transcript or any portions thereof.

21      The burden of persuasion in any such challenge proceeding shall be on the Designating

22  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

23  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

24  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

25  file a motion to retain confidentiality as described above, all parties shall continue to afford the

26

27  ---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

28

STIPULATED PROTECTIVE ORDER

1   material in question the level of protection to which it is entitled under the Producing Party's

2   designation until the court rules on the challenge.

3   7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

5   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

7   the categories of persons and under the conditions described in this Order. When the litigation has

8   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

9   DISPOSITION).

10       Protected Material must be stored and maintained by a Receiving Party at a location and

11   in a secure manner$^2$ that ensures that access is limited to the persons authorized under this Order.

12       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

13   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

14   information or item designated "CONFIDENTIAL" only to:

15       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

16   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

17   for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

18   is attached hereto as Exhibit A;

19       (b) the officers, directors, and employees (including House Counsel) of the Receiving

20   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

23   reasonably necessary for this litigation and who have signed the "Acknowledgment and

24   Agreement to Be Bound" (Exhibit A);

25       (d) the court and its personnel;

26       (e) court reporters and their staff, professional jury or trial consultants, and Professional

27   _____

28   $^2$ It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

{00053742.4}                              8

STIPULATED PROTECTIVE ORDER

1    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

2    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3         (f) during their depositions, witnesses in the action to whom disclosure is reasonably

4    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

5    **<u>unless otherwise agreed by the Designating Party or ordered by the court</u>**. Pages of

6    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

7    separately bound by the court reporter and may not be disclosed to anyone except as permitted

8    under this Stipulated Protective Order.

9         (g) the author or recipient of a document containing the information or a custodian or

10   other person who otherwise possessed or knew the information.

11        (e) court reporters and their staff, professional jury or trial consultants,[3] and Professional

12   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

13   "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

14        (f) the author or recipient of a document containing the information or a custodian or other

15   person who otherwise possessed or knew the information.

16   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

17        LITIGATION

18        If a Party is served with a subpoena or a court order issued in other litigation that compels

19   disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party

20   must:

21        (a) promptly notify in writing the Designating Party. Such notification shall include a

22   copy of the subpoena or court order;

23        (b) promptly notify in writing the party who caused the subpoena or order to issue in the

24   other litigation that some or all of the material covered by the subpoena or order is subject to this

25   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

26

27   _____

[3] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to
28   mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking
     for mock jurors to sign.

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1  (c)   If the Non-Party fails to object or seek a protective order from this court within 14

2  days of receiving the notice and accompanying information, the Receiving Party may produce the

3  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

4  seeks a protective order, the Receiving Party shall not produce any information in its possession

5  or control that is subject to the confidentiality agreement with the Non-Party before a

6  determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the

7  burden and expense of seeking protection in this court of its Protected Material.

8  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Stipulated Protective

11  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

13  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

14  made of all the terms of this Order, and (d) request such person or persons to execute the

15  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16

17  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

   MATERIAL

18

19  When a Producing Party gives notice to Receiving Parties that certain inadvertently

20  produced material is subject to a claim of privilege or other protection, the obligations of the

   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[6] This

21

22  provision is not intended to modify whatever procedure may be established in an e-discovery

---

23  [5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

24  [6] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise

25  allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

26  An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection

27  as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the

28  information to the court for a determination of the claim."

order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 141 unless otherwise instructed by the court.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

1   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

2   submit a written certification to the Producing Party (and, if not the same person or entity, to the

3   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

4   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

5   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

6   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

7   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

8   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

9   product, and consultant and expert work product, even if such materials contain Protected

10  Material. Any such archival copies that contain or constitute Protected Material remain subject to

11  this Protective Order as set forth in Section 4 (DURATION).

12          **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13  DATED:  October 12, 2015                DELFINO MADDEN O'MALLEY COYLE &
                                            KOEWLER LLP
14

15

16                                          By:   /s/ Caroline Colangelo
                                                  CAROLINE COLANGELO
17                                                Attorney for Defendant
                                            AVOLVE SOFTWARE CORPORATION
18

19  DATED:  October 12, 2015                TOWER LEGAL GROUP P.C.

20

21                                          By:  /s/ James A Clark
                                                 JAMES A. CLARK
22                                               Attorney for Plaintiff
                                            RANDALL SCHEIDEMAN
23

24

25       **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

26  Dated:  October 14, 2015

27                                          _____
                                            CAROLYN K. DELANEY
28                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

<u>EXHIBIT A</u>

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Eastern District of California on _____[date] in the case

of *Randall Scheideman vs. Avolve Software Corporation*, a Delaware corporation and DOES 1-10

inclusive, Case No.: 2:14-cv-01217-MCE-CKD.  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                      [signature]

{00053742.4}

14

STIPULATED PROTECTIVE ORDER